UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                      Case No. 04-12860-WRS
                                                           Chapter 13
MARY SAMPLE,

      Debtor

## MEMORANDUM DECISION

This Chapter 13 bankruptcy case came before the Court for an evidentiary hearing on the Motion for Relief From the Automatic Stay and Co-Debtor Stay which was filed by TranSouth Financial Corporation. (Doc. 54). TranSouth was present by counsel Stuart D. Albea and Debtor Mary Sample was present, pro se. TranSouth seeks relief from the automatic stay contending that the Debtor is in default in her obligation to TranSouth. In addition, Sample has moved to amend her Chapter 13 Plan to place the payment to TranSouth "inside" the Plan. (Doc. 63). That is, instead of paying the monthly payment directly to TranSouth, she will pay the Chapter 13 Trustee who will in turn pay TranSouth.

## I. FACTS

Mary Sample filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on December 17, 2004. Sample and her husband jointly own a 2000 Mercury Mountaineer SUV which is subject to a security interest in favor of TranSouth. Sample's husband is not a party to this bankruptcy proceeding. On September 15, 2005, TranSouth filed its second motion for relief from the automatic stay, contending that Sample was in default on the payments and

that she had failed to maintain insurance on the automobile.[1] Sample filed a response to the motion denying that she was in default. (Doc. 56). The matter was first set for hearing on November 2, 2005. Sample was present at the November 2 hearing and TranSouth was present by counsel Patrick Jones. Jones was not counsel of record for TranSouth in this matter and he did not have any evidence with him. He did dispute Sample's claim that she had insurance on the vehicle and that the payments were made. The Court gave the parties time to file competing accountings and attempt to resolve their differences.

The parties made competing filings and were still in dispute as to the status of the account. (Docs. 62, 66). By its order of January 10, 2006, the Court set this matter for an evidentiary hearing to be held on February 8, 2006. (Doc. 67). Mary Sample appeared at the February 8, 2006, hearing submitting documents and giving testimony in support of her position. TranSouth was present by counsel Stuart D. Albea. TranSouth did not have a witness or any admissible evidence in support of its motion. Albea cross-examined Sample and confronted her with documents which appeared to indicate that Sample was, as of the date of the hearing, one post-petition payment in arrears. The documents were not as clear as they might of been on this point as the accounting indicated that two payments had been made, and then later reversed. Albea offered an explanation, but his statements, while helpful, are not evidence. Sample contended that two payments had been made in February of 2005, while the documents appeared to indicate that only one payment had been made. The Court finds that Sample appears forthright and credible and that her failure to document her claim of a second payment in February of 2005,

---

[1] A prior motion for relief from the automatic stay was denied by the Court's Order of June 16, 2005. (Doc. 49).

2

Case 04-12860    Doc 76    Filed 03/09/06    Entered 03/09/06 19:44:59    Desc Main
              Document         Page 2 of 4

while troubling, is not fatal. Moreover, TranSouth has not produced any evidence in support of its case.

## II. LAW

This Chapter 13 case is before the Court on a motion for relief from the automatic stay. 11 U.S.C. § 362(d). TranSouth claims that it lacks adequate protection for its interest in the collateral, a Mercury Mountaineer, because the Debtor has failed to make the monthly payments and because she has failed to maintain insurance on the vehicle. Sample provided proof of insurance at a prior hearing and TranSouth apparently does not dispute Sample's claim that the vehicle is insured.

TranSouth alleges in its motion that payments were delinquent for July 2005 and subsequent months. During pretrial proceedings, the parties exchanged documents and attempted to narrow the issues. (Docs. 62, 66). As of the date of the hearing, TranSouth maintained that Sample was still one payment in arrears. The burden of proof on the question of whether Sample is current on her payments is on her. 11 U.S.C. § 362(g). Sample testified that she had paid the account current, on a postpetition basis. Even if the account had fallen one additional month in arrears, it would not necessarily follow that relief from the automatic stay would be granted. See, Green Tree Accepatance, Inc., v. Hoggle (In re: Hoggle), 12 F.3d 1008 (11th Cir. 1994)(permitting cure of postconfirmation mortgage delinquency by way of modification of Chapter 13 Plan). However, as the Court has found that the payments were brought current, it finds that TranSouth has adequate protection for its interest in the collateral.

The Court observes that the Amended Plan calls for the TranSouth payment to be made to the Trustee rather than directly to TranSouth. In light of the Debtor's difficulties, it appears that

this is a good idea. The Debtor's motion to amend her plan will be granted by way of a separate order.

### III. CONCLUSION

For the reasons set forth above, the Motion for Relief From the Automatic Stay (Doc. 54) filed by TranSouth is DENIED. The Debtor's motion to Amend her Chapter 13 Plan (Doc. 63) is GRANTED.

Done this 9th day of March, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Debtor
   Stuart D. Albea, Attorney for Transouth
   Curtis C. Reding, Trustee

4